```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

T.W., a minor, by and through  :  NO. 1:10-CV-00767
his mother and natural         :
guardian, TERESA BOOHER,       :
                               :
        Plaintiff,             :
                               :
    v.                         :  **OPINION AND ORDER**
                               :
CHRIS MONTAVON, et al.,        :
                               :
        Defendants.            :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 28), Defendants' Objections (doc. 30), and Plaintiff's Objections (doc. 34). For the reasons indicated herein, the Court ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's Report and Recommendation such that the Court GRANTS Defendants' Motion for Summary Judgment and Qualified Immunity (doc. 23) on all claims and DISMISSES this case from the Court's docket.

**I. Background**

Plaintiff brought this case on behalf of her then-minor son, Todd Webster, who is now an adult. Webster, while in custody at the Ohio River Valley Juvenile Correctional Facility, alleges Defendants Chris Montavan, Juvenile Corrections Officer ("JCO") Donald Bowling, and JCO Kirby Lawson, used excessive force against him and failed to protect him (doc. 5). Webster's wrist was broken in an altercation with Defendants; Webster claims due to Bowling

having twisted it (Id.).

The facts in the record show Webster was with Montavon in Montavon's office and Webster refused to obey Montavon's order to get up and move to a new room.  According to Defendants, Webster attempted to assault Montavon with a chair, a fact Webster initially admitted to an investigator, but which Webster later denied under the theory that with his hands cuffed behind him such movement would be impossible.  Webster later indicated he lied when admitting throwing the chair, and lied about denying Montavon punched him, for fear of retaliation.

There is no dispute that Webster was refusing an order, and that he and Montavon fell on the floor, with Webster falling on his chest, and Montavon on top.  Webster continued to struggle while on the ground.  JCO's Bowling and Lawson entered the room, and aided Montavon in subduing Webster.  Webster alleges that during the struggle Bowling twisted his left wrist until it popped.  Medical evidence in the record, however, indicates Webster's fracture was consistent with an injury related to a fall.

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 asserting claims for excessive force and failure to protect against Defendants (doc. 4).  Defendants moved for summary judgment under the theory that their actions were reasonable and that they are entitled to qualified immunity and to judgment as a matter of law (doc. 23).

2

The Magistrate Judge thoroughly reviewed the record, and recommended that the failure to protect claims against Defendants Montavon and Lawson should be dismissed, because the evidence taken in the light most favorable to Webster did not show Montovan and Lawson had any opportunity to protect Webster from an alleged assault by Defendant Bowling (doc. 28). The Magistrate Judge further found no evidence that Montovan and Lawson knowingly violated Webster's rights, found such Defendants acted reasonably in a quickly unfolding situation, and concluded they were entitled to qualified immunity (Id.). However, finding "issues of credibility" that could only be resolved by a jury, the Magistrate Judge recommended the Court deny summary judgment to Defendant Bowling and deny him qualified immunity (Id.).

## II. Discussion

Plaintiff objected to the Magistrate Judge's Report and Recommendation as to dismissal of the failure to protect claim (doc. 34). Plaintiff contends a jury could conclude that even in the rapidly unfolding situation Defendants Montovan and Lawson could have known that Bowling was twisting Webster's arm, and therefore they had an opportunity to intervene and protect Webster (doc. 34). Plaintiff further contended the Magistrate Judge properly found issues of credibility regarding the excessive force claim, and that such claim should survive summary judgment (Id.).

Defendants take the opposite view (doc. 30). Defendants

agree with the Magistrate Judge's reasoning and conclusion as to Defendants Montovan and Lawson.  However, noting the inconsistent and self-contradictory version of the events provided by Webster, Defendants contend Webster's claim against Defendant Bowling should be dismissed as well (Id. citing Coble v. City of White House, 634 F.3d 865 (6th Cir. 2011) and Brooks v. American Broadcasting Companies, Inc., 999 F.2d 167, 172 (6th Cir. 1993)).

Having reviewed this matter, the Court finds Defendants' position well-taken.  The uncontroverted medical evidence of record is that the type of fracture Plaintiff suffered resulted from an impact consistent with a fall, and not by being twisted.  The Court finds no credibility determination necessary where, as here, record evidence contradicts Webster's allegation that Defendant Bowling twisted his arm.  Such conclusion is reinforced by the fact that a reasonable jury would not believe Webster's shifting version of facts.

**III. Conclusion**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation well-taken that Defendants' Motion for Summary Judgment should be granted as to Plaintiff's failure to protect claims.  However, as the Court finds no basis for a credibility determination with regard to Plaintiff's claim for excessive force, the Court concludes summary judgment is appropriate to such claim

as well.  Finally, because the Court finds the Defendants acted reasonably in the face of a difficult, rapidly developing altercation, the Court concludes all Defendants are entitled to qualified immunity.

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(c), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff asked for and received an extension to file his objections, and the Court finds such objections timely in any event, for purposes of further appeal.

Accordingly, for the reasons indicated herein, the Court ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's Report and Recommendation such that the Court GRANTS Defendants' Motion for Summary Judgment and Qualified Immunity (doc. 23) on all claims and DISMISSES this case from the Court's docket.

SO ORDERED.


Date: March 26, 2013         s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge

5